IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,           )
                                    )
              Plaintiff,            )
                                    )
      vs.                           )   CRIMINAL NO. 13-30113-DRH **FILED**
                                    )
ARLYNN GENE GEORGESON,              )
                                    )   **JUN 1 7 2013**
              Defendant.            )
                                        CLERK, U.S. DISTRICT COURT
                                        SOUTHERN DISTRICT OF ILLINOIS
                                        EAST ST. LOUIS OFFICE

**STIPULATION OF FACTS**

The parties hereby stipulate that, if this case proceeded to trial, the Government would prove the following beyond a reasonable doubt:

1.      On September 27, 2011, two separate undercover officers participating in an Internet undercover operation identified a computer in Illinois offering to distribute child pornography. The undercover officer located in Norfolk, Virginia, downloaded 20 images of child pornography from that computer. The undercover officer located in Oklahoma City, Oklahoma, downloaded approximately 25 images of child pornography from the same computer. Both officers learned that the images of child pornography that had been downloaded on September 27, 2011, originated from a computer in Glen Carbon, Illinois, within the Southern District of Illinois. The information was subsequently forwarded to agents with the FBI Metro East Cyber-Crimes Task Force located in Fairview Heights, Illinois.

2.      On January 24, 2012, a federal search warrant was executed at the residence in Glen Carbon, Illinois, within the Southern District of Illinois. The defendant, Arlynn Gene Georgeson, lived at the residence with his wife. Among the items seized from the residence on January 24, 2012, was a Dell Studio laptop computer, Model 1555, bearing serial number 9GFFRJ1.

3.    In a voluntary interview, the defendant stated that he was the sole user of a file sharing program located on the laptop computer, and that he initially used a similar file sharing program to download music. The initial file sharing program that the defendant used was the file sharing program the undercover officers used to download the images of minors engaged in sexually explicit conduct from the defendant's computer on September 27, 2011. The defendant stated that he began seeing images of minors engaged in sexually explicit conduct in some of the downloads, and subsequently started searching for such images and/or videos. The defendant admitted using "pthc" (pre-teen hard core) as a search term in the file sharing program, and that he viewed images of "younger" children. The defendant described "younger" as a prepubescent female with no hip or breast development, but added that gender was not an issue. He also admitted saving the images and videos to the laptop computer. The defendant stated that he was not aware that other individuals could download images from his computer.

4.    A forensic review of the Dell Studio laptop computer revealed approximately 16,282 images and 512 videos of minors engaged in sexually explicit behavior. The laptop computer contained numerous images and/or videos of prepubescent minors engaged in sexually explicit conduct, as well as images of minors that depicted sadistic behavior. These images were produced on the computer when they were downloaded via the internet, a facility of interstate commerce. In addition, the Dell Studio laptop computer and/or all or some of its components were manufactured outside of Illinois, including, but not limited to, the hard drive, a Western Digital hard drive, bearing serial number WX20A6957105, which was manufactured in Thailand.

5.    Several of the images of minors engaged in sexually explicit conduct were downloaded and received by the defendant, via the internet, a facility of interstate commerce, on December 28, 2011.

6.    This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not necessarily an exhaustive account of the defendant's criminal activity.

**SO STIPULATED:**

ARLYNN GENE GEORGESON
Defendant

Angela Scott
ANGELA SCOTT
Assistant United States Attorney

MARK HAMMER
Attorney for Defendant

Date: 6/17/2013

Date: 6|10|13